# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2011

No. 11-30391
Summary Calendar

Lyle W. Cayce
Clerk

HELEN CLAUDETTE MCCANN; ANGELA DEE MYLES; JULIE DEE SPENCER; ALICIA DANIELLE DEE BROWN; DORSEY MCCANN,

Plaintiffs-Appellees,

v.

P P G INDUSTRIES, INCORPORATED; SHERWIN WILLIAMS COMPANY,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-768

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellees Helen Claudette McCann, Angela Dee Myles, Julie Dee Spencer, Alicia Danielle Dee Brown, and Dorsey McCann (collectively, "the McCanns") sue Defendants-Appellants P P G Industries, Inc., and Sherwin Williams Co. (collectively "P P G") for the death of Dorsey McCann, which the McCanns allege resulted from his workplace exposure to P P G's paint products.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30391

The case was initially brought in the 28th District Court for the Parish of LaSalle, Louisiana, on March 11, 2004.  After over six years of litigation, the state court set a trial date of May 10, 2010.  The trial did not occur, however, because on that day P P G removed the case to federal court.

The federal district court found that removal was improper and remanded the case on September 9, 2010.  The district court awarded the McCanns $8,925.00 in attorney fees resulting from the improper removal. as well as $16,317.68 in costs and other expenses.  The McCanns paid their five experts $17,361.00 in fees for the experts' preparation during the week preceding the May 10, 2010 trial date.  The district court found that $15,561.00 worth of the experts' work "was wasted due to the defendants' improvident removal."  The district court also found that the removal deprived the McCanns of the benefit of $756.68 in other costs they incurred in anticipation of the May 10, 2010 trial date.  P P G appeals the $16,317.68 award for expenses.  We REVERSE.

Title 28, U.S.C., Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  We apply an abuse of discretion standard when reviewing a district court's award of fees and costs under § 1447(c).  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).  "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994).

The expenses awarded in this case were incurred before the McCanns were even aware that P P G intended to remove.  Although the removal deprived the McCanns of the benefit of the pre-removal trial preparation, it is impossible that the expense of that preparation was *incurred* as a result of the removal.

The district court's judgment of April 5, 2011, is VACATED; the case is REMANDED for reassessment of the expense award under 28 U.S.C. § 1447(c).

2